**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAUL ESTRADA,

     Petitioner - Appellant,

v.

JAMES JANECKA; GARY K. KING,

     Respondents - Appellees.

No. 15-2021
(D.C. No. 2:14-CV-00500-KG-SMV)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Raul Estrada, a New Mexico state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's denial of his federal

habeas petition.

In 2002, Estrada was convicted of six counts of criminal sexual penetration of

a child under the age of 13 and six counts of criminal sexual contact of a minor. He

was sentenced to 36 years, with 10 years suspended, for an actual term of 26 years.

More than nine years after Estrada's convictions became final, he filed a state habeas

petition, which the state district court summarily denied. After the New Mexico

Supreme Court denied Estrada's petition for writ of certiorari, he filed a federal

_____

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

habeas petition seeking to overturn his convictions. The federal district court denied the petition, concluding it was barred by the one-year statute of limitations for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A).

The court may grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right" by providing the court grounds to conclude that reasonable jurists could find the district court's decision debatable or wrong. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The district court found that Estrada filed his petition long after § 2244(d)(1)(A)'s one-year time limit expired. And Estrada does not contend that reasonable jurists could disagree with that decision. Instead, he argues the district court should have granted him an equitable exception to the limitations period based on his claim of actual innocence.

It is true that a "credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding" § 2241(d)(1)'s time bar. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). But Estrada's habeas petition did not specifically assert an actual innocence claim. Ordinarily the court does not address arguments made for the first time on appeal, particularly where, as here, the petitioner has not argued for plain error review. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011); *see also Rojem v. Gibson*, 245 F.3d 1130, 1141 (10th Cir. 2001).

Estrada did argue below that the Antiterrorism and Effective Death Penalty Act (AEDPA) "should not be used as a constitutional bar in a case such as this where the law has not been applied justly." Pet'r Resp., Doc. 8 at 1. But even if we were to

2

construe this statement as a claim of actual innocence, *see Heard v. Addison*, 728 F.3d 1170, 1186 n.8 (10th Cir. 2013) (describing court's practice of liberally construing pro se filings "within the labyrinth of § 2254"), the claim would fail because Estrada has provided no new evidence to support it.

To prevail on a claim of actual innocence, the petitioner must "support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Frost v. Pryor*, 749 F.3d 1212, 1231-32 (10th Cir. 2014). And he must demonstrate that the "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1933 (quoting *Schlup*, 513 U.S. at 329).

Estrada has not met this demanding standard. He claims his trial counsel was ineffective for not investigating two witnesses' motives to lie about him, not using medical experts, and not making potentially meritorious pretrial motions. He also raises issues of double jeopardy, insufficiency of the evidence, and prosecutorial misconduct. But he offers no new evidence to support his claim of actual innocence.

Estrada's request for a COA is denied and the matter is dismissed.

Entered for the Court


Nancy L. Moritz
Circuit Judge


3